UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEXANDER RICHEY,

                Plaintiff,

   — against —

NEW YORK CITY TRANSIT AUTHORITY,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

07-CV-3711 (SLT)(LB)

**TOWNES, United States District Judge:**

      Alexander Richey filed a *pro se* complaint against the New York City Transit Authority on September 5, 2007, alleging violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 (Complaint, ¶ 1). The form complaint also alleges violations of sections 1981, 1983, and 1985 of Title 42 of the United States Code; the New York State Human Rights Law, N.Y. Exec. Law § 296; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107. The Transit Authority moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Richey's claims are barred by the applicable statutes of limitations and that Richey fails to state a claim upon which relief can be granted.

## BACKGROUND

      Richey complains that he was denied two and a half months of differential pay and 18 sick days in connection with a workers' compensation claim for the period from July 11, 2001, until December 21, 2001 (Complaint, ¶ 4), because he is black and has asbestosis of the lungs (Complaint, ¶ 3). The complaint states that Richey filed a grievance with the Equal Employment

Opportunity Commission ("EEOC") on June 14, 2007 (Complaint, ¶ 4). Richey has not filed a response to the motion by the Transit Authority to dismiss his complaint.

## STANDARD OF REVIEW

When we consider a motion to dismiss under Rule 12(b)(6), we accept as true the factual allegations in the complaint and draw all inferences in favor of the plaintiff. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (quoting *Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 113 (2d Cir. 2005). A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007). We employ a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)).

## DISCUSSION

The Transit Authority argues that Richey's claims are barred by the applicable statutes of limitations. A defendant may raise the affirmative defense of statute of limitations in a motion to dismiss under Rule 12(b)(6) if the issue can be resolved by examining the face of the complaint. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). We agree that each of Richey's claims is time-barred and as a result do not reach the argument of the Transit Authority that Richey has failed to state a claim upon which relief can be granted.

2

### A. *Richey's Claims Under Title VII and the Americans with Disabilities Act are Time-Barred*

A plaintiff who alleges a violation of Title VII must file a charge with the EEOC within 180 days after the unlawful employment practice or 300 days if the plaintiff has filed a grievance with a state or local equal employment agency. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S. Ct. 2061, 2070 (2002); *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 501 (2d Cir. 2006). The same limitations period applies to claims under the Americans with Disabilities Act. 42 U.S.C. § 12117(a). A plaintiff may not file an action in federal court if he has not filed a timely charge with the EEOC. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982); *Gomes v. Avco Corp.*, 964 F.2d 1330, 1332–33 (2d Cir. 1992). Richey states in his complaint that he filed a charge with the EEOC on June 14, 2007 (Complaint, ¶ 4). Because the alleged unlawful employment practices occurred between July 11, 2001, and December 21, 2001, Richey's claims are time-barred.

### B. *Richey's Claims Under Sections 1981, 1983, and 1985 of Title 42 are Time-Barred*

Actions under sections 1983 and 1985 of Title 42 are subject to the general state statute of limitations for personal injury actions, *Wilson v. Garcia*, 471 U.S. 261, 276–78, 105 S. Ct. 1938, 1947–49 (1985). As a result, the statute of limitations for sections 1983 and 1985 in New York is three years. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (citing N.Y. C.P.L.R. 214(5)); *Paige v. Police Dep't*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) (citing *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994)). Because Richey filed his claim in 2007 and the alleged cause of action accrued in 2001, Richey's claims under sections 1983 and 1985 are barred by the statute of limitations.

The statute of limitations for the action under section 1981 in this case is four years. Although we generally apply the state statute of limitations for personal injury actions to claims under section 1981, *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S. Ct. 2617, 2620 (1987), a four-year statute of limitations applies to statutes that do not specify a limitations period and were enacted after December 1, 1990, 28 U.S.C. § 1658. Because Congress amended section 1981 in 1991, any claim actionable under those amendments but not the original version of the statute is subject to a four-year limitations period. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 372–73, 383, 124 S. Ct. 1836, 1839–40, 1845–46 (2004). Section 1981 did not authorize claims for discrimination that occurred after the formation of the employment contract until the passage of the 1991 amendments, so Richey's claim arises under the 1991 amendments and is subject to a four-year limitations period. *See R.R. Donnelley & Sons*, 541 U.S. at 383, 124 S. Ct. at 1845–46. Because Richey filed his claim in 2007 and the alleged cause of action accrued in 2001, Richey's claim under section 1981 is barred by the statute of limitations.

C. *Richey's Claims Under the New York State and New York City Human Rights Laws are Time-Barred*

The statute of limitations for Richey's claim under section 296 of the New York State Human Rights Law is three years. *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998) (citing N.Y. CPLR 214(2); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996)). The statute of limitations for Richey's claim under section 8-107 of the New York City Human Rights Law is also three years. *Warren v. N. Shore Univ. Hosp.*, No. 03-0019, 2006 WL 2844259, at *4 (E.D.N.Y. Sept. 29, 2006). Because Richey filed his claim in 2007 and the alleged cause of action accrued in 2001, Richey's claim under the New York State and New York City Human Rights Laws is barred by the statute of limitations.

## CONCLUSION

For the reasons set forth above, Richey's complaint is dismissed with prejudice. The Clerk of Court is directed to close this case.

Dated: Brooklyn, New York
September 9, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge